**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION** | : | **CIVIL ACTION** |
| | : | **MDL No. 3094**<br>**24-md-3094** |
| **THIS DOCUMENT RELATES TO:**<br>***ALL ACTIONS/ALL CASES*** | : | **HON. KAREN SPENCER MARSTON** |

**CASE MANAGEMENT ORDER NO. 27**

**Short Form Complaint Enabling Order**

In furtherance of the case management of this complex litigation, this CMO will govern the effect of and procedures for Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (Doc. No. 481) ("Master Complaint"), and any amendment thereto, and the Short Form Complaints.

1. This Order applies to cases directly filed in this MDL and those transferred, removed, or otherwise assigned to this proceeding.

2. For each action in this MDL, the Master Complaint together with the Short Form Complaint shall be deemed the Plaintiff's operative Complaint.

3. Counsel are expected to familiarize themselves with the Court's Opinion with respect to Defendants' Motion to Dismiss the original Master Complaint (ECF 465).

## I. The Master Complaint

4. The Master Complaint is not intended to exhaustively include all claims asserted in all of the transferred actions to this Court. Case specific facts, claims adopted from the Master Complaint, and additional claims of individual Plaintiffs will be set forth in a Short Form Complaint filed by the respective Plaintiffs or their counsel.

5. The Master Complaint is not intended to consolidate or merge Plaintiffs' claims.

6. The Master Complaint does not constitute a waiver or dismissal of any actions or claims asserted in those individual actions, nor does any Plaintiff relinquish the right to move to amend their individual claims to assert any additional facts or seek any additional claims as discovery proceeds and facts and other circumstances may warrant. Defendants preserve all rights to object to any such amendments or discovery.

7. Defendants shall file a responsive pleading to the Master Complaint within 60 days of this Order. If Defendants file a Motion to Dismiss the Master Complaint, a responsive pleading will be due within 60 days of the Court's order on this Motion to Dismiss the Master Complaint or, if any further amendment occurs after such Court order, after Plaintiffs' filing of a second amended Master Complaint. Defendants preserve all rights to move to dismiss any further amended Master Complaint, which filing shall extend the time for Defendants to file a responsive pleading.

8. Defendants preserve all defenses, including jurisdiction and venue challenges, to any claims brought in this MDL pursuant to this Order and as indicated in the Direct Filing Order, Case Management Order No. 14, ECF 190, ¶ B (July 14, 2024) ("CMO 14").

## II. The Short Form Complaint

9. The Short Form Complaint attached hereto as Exhibit 1 shall be completed and filed by all Plaintiffs in all cases in this MDL filed after the date of this Order. All cases in this MDL filed before the date of this Order shall have 60 days from the date of this Order to file an amended complaint in the form of a Short Form Complaint. However, any firm with more than 500 pending cases shall have 90 days from the date of this Order to file an amended complaint in the form of a Short Form Complaint. No reasonable request for an extension will be denied.

10. All claims pleaded in a Short Form Complaint will supersede and replace all claims

pleaded in any complaint that was pending in or transferred to this MDL.

11. For purposes of statutes of limitation and statutes of repose, a Plaintiff shall be deemed to have initiated his or her case as of the date of the filing of his or her original complaint or his or her Short Form Complaint, whichever was filed first.

12. Short Form Complaints shall not be filed on the master MDL Docket. Instead, Short Form Complaints shall be filed on the docket of a Plaintiff's individual member case and each individual member case must have a complaint on file.

13. Defendants shall assert any defense of claims of inadequate service of process, where such a defense is asserted, within 30 days after service is due under Section III of CMO 14. As provided in CMO 14, ¶ III.E, Plaintiffs will have 30 days after notice of claimed inadequacy of service of process to cure any deficiencies in such service before Defendants may file a motion to dismiss on that basis. To eliminate potential delays and to promote judicial efficiency with respect to the administration of this MDL proceeding, all Short Form Complaints filed in this MDL proceeding are deemed answered and denied; and except with regard to effective service of process as described above, without waiver of any defense or right to move to dismiss, and with full preservation of all arguments and defenses that may be raised in any responsive pleading or motion to dismiss.

14. Motions to dismiss as to individual member cases; and any amendments to the Master Complaint, any Short Form Complaint, and any responsive pleadings; will be filed only upon subsequent order of this Court.

**IT IS SO ORDERED** this 3rd day of October, 2025.

/s/*Karen Spencer Marston*

**KAREN SPENCER MARSTON, J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| [PLAINTIFF NAME(S)],<br>Plaintiff(s)<br><br>v.<br><br>[DEFENDANT(S)' NAME(S)],<br>Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: ________________ |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. _____ (ECF __).

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): ____________________________________________________________.

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: ____________________________________________________________, as ____________________________ of the estate of ____________________________, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): ____________________________________________________________.

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: ____________________________________________________________.

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

_____ Novo Nordisk Inc.

_____ Novo Nordisk A/S

_____ Eli Lilly and Company

_____ Lilly USA, LLC

_____ other(s) (identify): ____________________________________________

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

____________________________________________

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

____________________________________________

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

____________________________________________

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

____________________________________________

10. Jurisdiction is based on:

_____ diversity of citizenship pursuant to 28 U.S.C. § 1332

_____ other (plead in sufficient detail as required by applicable rules):

____________________________________________

____________________________________________

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

____________________________________________

12. Venue is proper in the District Court identified in Paragraph 11 because:

_____ a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

______ other (plead in sufficient detail as required by applicable rules): ______________________________________________

______________________________________________

13. If applicable, identify the citizenship of any additional Defendant(s) named above: ______________________________________________

## PRODUCT USE

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

_____ Ozempic (semaglutide)

_____ Wegovy (semaglutide)

_____ Rybelsus (oral semaglutide)

_____ Victoza (liraglutide)

_____ Saxenda (liraglutide)

_____ Trulicity (dulaglutide)

_____ Mounjaro (tirzepatide)

_____ Zepbound (tirzepatide)

_____ Other(s) (specify): ________________________________________

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

____________________________________________________________

____________________________________________________________

____________________________________________________________

____________________________________________________________

**INJURIES AND DAMAGES**

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

_____ Gastroparesis

_____ Other gastro-intestinal injuries (specify) ______________________

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

_____ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify) ______________________

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

_____ Additional/Other(s) (specify): ____________________________________

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

____________________________________________________________________

____________________________________________________________________

____________________________________________________________________

____________________________________________________________________

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

_____ Injury to self

_____ Injury to person represented

_____ Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify): ______________________________________________

## CAUSES OF ACTION

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

_____ Count I: Failure to Warn – Negligence

_____ Count II: Failure to Warn – Strict Liability

_____ Count III: Breach of Express Warranty/Failure to Conform to Representations

_____ Count IV: Breach of Implied Warranty

_____ Count V: Fraudulent Concealment/Fraud by Omission

_____ Count VI: Fraudulent/Intentional Misrepresentation

_____ Count VII: Negligent Misrepresentation/Marketing

_____ Count VIII: Strict Product Liability Misrepresentation/Marketing

_____ Count IX: Innocent Misrepresentation/Marketing

_____ Count X: Unfair Trade Practices/Consumer Protection (see below)

_____ Count XI: Negligence

_____ Count XII: Negligent Undertaking

_____ Count XIII: State Product Liability Act (see below)

_____ Count XIV: Wrongful Death

_____ Count XV: Loss of Consortium

_____ Count XVI: Survival Action

_____ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

________________________________________________________________

________________________________________________________________

______________________________________________________________________

______________________________________________________________________

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

__________________________________________________________________

__________________________________________________________________

__________________________________________________________________

b. Identify the factual allegations supporting those claims (by subsection, if applicable):

__________________________________________________________________

__________________________________________________________________

__________________________________________________________________

**** Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.***

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

______________________________________________

______________________________________________

______________________________________________

b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

______________________________________________

______________________________________________

______________________________________________

c. Identify the factual allegations supporting those claims:

______________________________________________

______________________________________________

______________________________________________

**** Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.***

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? ________. If so, attach such notice.

## **RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## **JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: ____________________

By:

______________________________________

______________________________________

______________________________________

______________________________________

______________________________________

______________________________________

Name(s), Bar Number(s), Law Firm(s), Mailing Address(es), Email Address(es), and Phone Number(s) of Attorney(s) representing Plaintiff(s).